IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERRY BEATTIE,

    Plaintiff,

v.

STANLEY CORRECTIONAL
INSTITUTION,

    Defendant.

OPINION and ORDER

Case No. 21-cv-85-wmc

*Pro se* plaintiff Jerry Beattie, who currently is incarcerated at Stanley Correctional Institution ("Stanley"), has filed a proposed civil complaint against defendant Stanley, seeking reimbursement for the medical care costs he incurred after he was injured in a fight with another Stanley inmate. Because Beattie is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. Although Beattie is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss this lawsuit for lack of subject matter jurisdiction.

OPINION

A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court plainly does not have jurisdiction over this case under 28 U.S.C. § 1331, as Beattie has identified *no* federal claims in his complaint, nor can this court

1

discern one from the facts alleged. For example, Beattie has not alleged that any Stanley employee failed to protect him from physical harm or failed to treat him for the injuries he suffered after the attack. In any event, even if Beattie were attempting to bring a claim charging prison officials with violation of his constitutional rights, he cannot sue Stanley under 42 U.S.C. § 1983, since that institution is not subject to suit under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint.").

Yet Beattie is not pursuing a claim that his constitutional rights have been violated; instead, in his complaint, Beattie explicitly invokes this court's diversity jurisdiction under 28 U.S.C. § 1332. Under § 1332, a federal court can generally exercise jurisdiction over state law claims if there is complete diversity jurisdiction, meaning the plaintiff is a citizen of a different state than the defendant, and at least $75,000 is at stake. Beattie, however, alleges that both he and Stanley Correctional Institution are citizens of the *same* state, namely Wisconsin. Therefore, even assuming that Beattie could assert a state law claim against Stanley or a Stanley official that would allow him to recover injuries he suffered after fighting with another inmate, he may not do so in federal court. Moreover, because the court has no basis to infer that he could amend his complaint to include a defendant who is not a citizen of Wisconsin, the court will dismiss this case for lack of subject matter jurisdiction, without providing him an opportunity to amend. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is certain from the face of the complaint that any

2

amendment would be futile or otherwise unwarranted." (internal citation and quotation marks omitted)).

ORDER

IT IS ORDERED that plaintiff Jerry Beattie's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 1st day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge